Nancy J. STEVENSON

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

Civ. A. No. 84–81 ERIE.

United States District Court, W.D. Pennsylvania.

Oct. 23, 1984.

James Bukac, Northwestern Legal Services, Franklin, Pa., for plaintiff.

Donald E. Lewis, Asst. U.S. Atty., Erie, Pa., for defendant.

## OPINION

WEBER, District Judge.

This matter is before us on cross-motions for summary judgment. The Secretary has denied plaintiff's application for disability insurance benefits, and she now appeals the denial pursuant to 42 U.S.C. § 405(g).

Ms. Stevenson is 27 years old. She has received a General Equivalency Diploma, and recently attended Clarion University through a plan established by the Bureau of Vocational Rehabilitation. She was employed most recently as an aide at the Polk Center, an institution for retarded persons. Injury or illness interrupted her tenure there four times. She has worked there since her disability hearing in a specially created part-time position. She complains, however, that poor health causes her frequently to take days off from this activity even though her responsibilities have been significantly reduced.

The medical evidence of record begins when Ms. Stevenson was treated for an elbow injury in November 1980. In April 1981, her car struck a tree. She suffered a concussion, a fractured scapula, and various cuts and bruises. She then was hospitalized in June 1981 for an injury to her spinal column that eventually required surgical fusion of two vertebrae. She also received treatment for her knee and ankle. She later underwent surgery on her knee in August 1981, and on her ankle in October 1982. In April and September 1983, she was treated for numbness in her extremities, neck pain, dizziness, and headaches, and she continues to complain of these symptoms.

Dr. R. Loring, a psychiatrist, evaluated plaintiff's mental condition in February 1983, and began treating her for major depressive illness. Dr. J.B. Johnston, a clinical psychologist, reported in October 1983 that plaintiff's psychiatric impairment was moderate or moderately severe in six of eight categories which describe psychological competency for common job-related tasks. (Record at 222–23). Ms. Stevenson

claims to have lost some of her memory and dislikes being around groups of people.

Plaintiff first filed for disability insurance benefits in December 1980. She subsequently withdrew her application two months later, expecting to return to regular employment. Her illness persisted, however, so she renewed her application in January 1983. The Secretary denied her application initially and after reconsideration. Ms. Stevenson then requested a hearing and appeared before an Administrative Law Judge (ALJ). A witness and a vocational expert also testified. The ALJ determined that plaintiff was not disabled within the meaning of the regulations. The Appeals Council denied her request for review, resulting in this action.

Congress has limited the scope of our review of the Secretary's decisions on disability. We must affirm the findings of the Secretary if they are supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Dobrowolsky v. Califano*, 606 F.2d 403 (3d Cir.1979). In applying this standard, we examine the entire record to ensure that the ALJ considered all probative evidence.

The ALJ followed the five step sequence outlined at 20 C.F.R. § 404.1520 (1983) in determining that plaintiff was not disabled. He found that she was not capable of returning to her former job as an aide at the Polk Center. He also found, however, that Ms. Stevenson had the physical and psychological ability to perform sedentary work.

The ALJ undoubtedly relied on the vocational expert's testimony in rendering a decision. For example, the expert testified about the type of sedentary jobs available in significant number in the local economy. The ALJ repeated these job descriptions, inventory clerk and file clerk, in his findings as the type of job he believed plaintiff could perform.

When the expert offered his opinion, however, the ALJ had asked him to make certain assumptions about the degree of plaintiff's physical and psychological impairments. When he suggested that Ms. Stevenson could work as an inventory clerk or file clerk, for example, the expert was asked to assume "that the claimant, with respect to her external limitations has the residual functional capacity to perform light work, [and] that she has non-exertional or psychiatric limitations of a mild degree." (Record at 59). The expert's answer remained unchanged when the ALJ asked him whether plaintiff would work at such clerical jobs if she were capable of performing only sedentary, rather than light, work. When the ALJ asked the expert to assume that Ms. Stevenson had moderate, rather than mild, psychiatric limitations, however, the expert changed his answer and responded that there would be no work available to plaintiff if she fit that diagnosis. (Record at 60–63).

■ Plaintiff's ability to perform substantial gainful activity thus would appear to hinge on whether she had mild (or less than mild) non-exertional limitations. The ALJ found tht she had no non-exertional limitations. (Record at 15). The record contains a supplemental questionnaire dated October 27, 1983, however, in which Dr. J.B. Johnston evaluated Ms. Stevenson's "current psychiatric impairment". In six of eight categories of behavior occurring in a routine work setting, Dr. Johnston diagnosed her impairment as "moderate" or "moderately severe". (Record at 222–23). Despite this report issued just two weeks before the hearing, the ALJ failed to consider that plaintiff suffered from certain non-exertional limitations. Such psychiatric diagnosis should have been given special attention considering that the expert gave them decisive weight in determining whether plaintiff was able to work. We therefore find that the ALJ's decision is not supported by substantial evidence.

■ Plaintiff returned to a specially-created part-time position on November 23, 1983 following her hearing. This intermittent work activity should be considered a

trial work period pursuant to 42 U.S.C. § 422(c) and 20 C.F.R. § 404.1592 (1984). A person who is disabled may be allowed a trial work period after five months. 42 U.S.C. § 423(a) and (c)(2); *Martell v. Heckler*, 568 F.Supp. 729, 731, n. 2 (E.D.Pa. 1983). Since we have determined that the Secretary erred in denying plaintiff's claim filed in January 1983, she satisfies the eligibility requirements. A claimant need not actually be receiving disability benefits at the time she engages in trial work. *McMillen v. Califano*, 443 F.Supp. 1362, 1363 (N.D.N.Y.1978).

According to the provisions for a trial work period, a claimant may hold employment as part of a rehabilitative effort while still being considered disabled. The trial period lasts for nine months, though the months need not be consecutive. The claimant's disability is reconsidered at the end of the trial period. The court recognizes that such activity can greatly assist persons seeking to recover from physical and psychological impairments. We believe that ordering the trial work period is appropriate in light of both the ALJ's failure to consider all the evidence and plaintiff's return to a specially created part-time position at the Polk Center since her hearing.