Irving HOFFMAN,
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, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant.

No. 86 C 7901.

United States District Court,
N.D. Illinois, E.D.

Aug. 13, 1987.

David R. Bryant, Chicago, Ill., for plaintiff.

Margaret C. Gordon, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

The plaintiff in this action, Irving Hoffman, seeks judicial review of a final decision of the Secretary of Health and Human Services denying his application for a period of disability and disability benefits. The parties have filed cross-motions for summary judgment. For the following reasons, the plaintiff's motion is denied, the defendant's motion is granted, and the Secretary's decision is affirmed.

## FACTS

Hoffman applied for a period of disability and disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423(d), on November 21, 1980, alleging that he became disabled on April 15, 1980, due to a total hip replacement and cancer. The Social Security Administration ("SSA") granted the claim on December 26, 1980, finding the plaintiff disabled as of August 15, 1980. On January 24, 1981, the plaintiff was notified that he would become entitled to disability insurance benefits "if and when [his] disabling impairment has continued for at least five consecutive months and all other requirements are met." The notice continued:

It is important that you report promptly if there is an improvement in your condition, a return to work, or an occurrence of any of the reporting events explained in the booklet furnished you ... since any change in status could affect our determination....

If you return to work while you are still disabled, you may be entitled to a trial work period to test your ability to resume work.... After the trial work period has ended we will consider the work you did in determining whether you have shown by your work activity that your disability has ended. However, you are not entitled to a trial work [sic] if:

.    .    .    .    .

* You are entitled to a period of disability but not to disability insurance cash benefits....

.    .    .    .    .

To prevent any incorrect payments please notify us promptly if:

* You have already returned to work when you receive this notice, or

* You return to work in the future regardless of how much you earn.

On November 2, 1984, the SSA notified the plaintiff that it was aware that he received earnings for work performed subsequent to August 15, 1980. On April 15, 1985, the SSA informed Hoffman that based on his own reports of work activity and his employer's reports of monthly earnings, he had demonstrated an ability to engage in substantial gainful activity in October 1981. After a review of additional evidence obtained from plaintiff's employer, the SSA determined that since the plaintiff had returned to work during the five-month waiting period, he was not disabled for a sufficient period of time to qualify for cash benefits.

The plaintiff sought review of this determination before an administrative law judge (ALJ). After a hearing, the ALJ found that the SSA initially found the claimant disabled as of August 15, 1980, that the waiting period before Hoffman could receive cash benefits ran from September 1980 through January 1981 and that, therefore, a trial work period could not begin before February 1981. He further found that Hoffman returned to substantial gainful activity in December 1980 and continued to perform such activity throughout 1981 and 1982, with the exception of one four-month period in 1981. He found that Hoffman's failure to report his work activity, information which he knew or should have known was essential to a correct determination on the issue of disability, warranted reopening of the initial determination. Accordingly, the ALJ reopened the initial determination and found the claimant not disabled because he had engaged in substantial gainful activity. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied the plaintiff's request for review on October 9, 1986. This determination is now subject to judicial review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues presented for review are whether substantial evidence supports the Secretary's decision that the plaintiff is not disabled because he engaged in substantial work activity and whether the Secretary properly reopened the initial determination of disabledness dated December 26, 1980.

## DISCUSSION

A claimant's eligibility for benefits under the Social Security Act depends on whether he is disabled. To be found disabled, a

claimant must be unable to perform any substantial gainful activity because of a medically determinable physical or mental impairment which will be fatal or will last for twelve continuous months. 42 U.S.C. § 423(d)(1)(A). The claimant will be found disabled only if his physical and mental impairments are so severe that he is not only precluded from doing his previous work, but also cannot perform any other substantial gainful employment existing in the national economy, considering his age, education, and work experience. *Id.* § 423(d)(2)(A). These impairments must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *Id.* § 423(d)(3). Once the claimant shows an inability to perform past work, the burden shifts to the Secretary to demonstrate an ability to engage in some other type of substantial gainful employment. *Bauzo v. Bowen,* 803 F.2d 917, 923 (7th Cir.1986).

The Secretary has established a five-step regulatory scheme for determining whether an individual is disabled under the Act. 20 C.F.R. § 404.1520. The first step provides that an individual will be deemed not disabled, regardless of medical findings, if he is working and the work constitutes substantial gainful activity. *Id.* § 404.-1520(b).

Substantial gainful activity is defined as follows:

> (a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

> (b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

> (c) Some other activities. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572. The regulations further provide that a claimant earning an average of $300.00 per month in years after 1979 will ordinarily be found to have engaged in substantial gainful activity, while one earning less than $190.00 per month is presumed not able to do such work. *Id.* §§ 404.1574(b)(2); 416.974(b)(2). If wages alone do not decisively indicate whether the claimant engaged in substantial gainful activity, the Secretary considers other factors, such as whether the work performed is comparable to that of unimpaired people in the community performing the same or similar jobs, taking into account the time, energy, skill and responsibilities required. *Id.* §§ 404.-1574(b)(6), 416.974(b)(6).

The regulations also provide for a "trial work period" during which an individual can test his or her ability to return to work. *Id.* § 1592(a). Any services rendered during a trial work period are "deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period." 42 U.S.C. § 422(c)(2). In other words, a period of trial work enables an applicant to return to the work environment without jeopardizing his entitlement to disability benefits. A period of trial work may "begin with the month in which [the claimant] becomes entitled to disability insurance benefits." *Id.* § 422(c)(3). A person under the age of sixty-five is entitled to disability benefits if he has filed an application for benefits and has been under a disability for a period of five consecutive calendar months. *Id.* § 423(a)(1), (c)(2). Thus, an individual who suffers from an impairment that is expected to last at least twelve consecutive months is entitled to benefits as well as a trial work period *after* completing the five-month waiting period. *McDonald v. Bowen,* 800 F.2d 153, 157 (7th Cir.1986).

The SSA initially determined that the plaintiff was disabled as of August 15, 1980. The waiting period during which he could not receive cash benefits ran from September 1980 through January 1981. Thus, Hoffman was first entitled to cash

benefits and a trial work period in February 1981. The undisputed evidence establishes that Hoffman returned to work in December of 1980 and earned $321.00 for that month. In January 1981, he earned $861.14 from his work. He worked during eight months of 1981 and earned in excess of $500.00 in each of those months. By his own admission, Hoffman continued to work full-time through at least August 1982, earning an average of over $2,000.00 per month. He contends that he did not work from September 1982 to February 1983 and that any earnings during this period were sick pay. He concedes that he returned to work full-time in March 1983 and continued to work full-time through May 1985.

The plaintiff admits that he was not entitled to disability benefits after March 1983, but disputes the determination that he was not disabled prior to that time. He argues that his work from December 1980 through December 1981 was not substantial gainful activity and that his work during 1982 was protected by a trial work period. Neither of these arguments has merit.

■ The plaintiff contends that only his sales commissions and not his base pay should be considered in determining whether he engaged in substantial gainful activity from December 1980 through December 1981. The plaintiff's employer included the base pay in the monthly totals of the plaintiff's gross wages. There is no basis for concluding that the base pay was not actually earned by the plaintiff and should be excluded.

The plaintiff's own admissions establish that he engaged in substantial gainful activity during December 1980 and throughout 1981. He concedes that he returned to work in December 1980 and earned $321.00 for that month. This constitutes substantial gainful activity. The plaintiff supplied information on his 1981 earnings which indicates that he earned $5700.00 that year, well over an average $300.00 per month. Because the regulations look to average earnings in a calendar year, this information establishes that the plaintiff performed substantial gainful activity in 1981.

■ The plaintiff contends that his work during 1982 was protected by a trial work period during which he could collect both his paychecks and his disability checks. However, the plaintiff never became eligible for a trial work period. A trial work period is only available to those individuals who are entitled to actual cash benefits. 20 C.F.R. § 404.1592(d). Here, the plaintiff never became entitled to cash benefits because he began work prior to completing the five-month waiting period. Because he was never entitled to payment of benefits, he was never eligible for a trial work period.

The claimant also argues that the Secretary improperly reopened his initial determination after more than four years had passed. The pertinent regulations provide:

A determination, revised determination, decision, or revised decision may be reopened—

(a) Within 12 months of the date of the notice of the initial determination, for any reason;

(b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; or

(c) At any time if—

It was obtained by fraud or similar fault. . . .

*Id.* § 404.988.

■ The plaintiff argues that because more than four years elapsed between the initial determination and the reopening, the Secretary could not reopen the initial decision. The ALJ determined, however, that reopening was proper based on the fault of the plaintiff similar to fraud under 20 C.F.R. § 404.988(c)(1). There are no time limits for reopening a decision on this ground. Moreover, the "similar fault" standard was clearly satisfied in this case. The SSA notified the plaintiff of his award of benefits by letter dated January 24, 1981. The letter explicitly instructed the plaintiff to notify the agency promptly if he had already returned to work when he received the notice. Although the plaintiff had returned to work, he failed to notify the agency. Indeed, he failed to inform the

SSA at any time that he had returned to work, although the SSA repeatedly directed him to do so. Thus, substantial evidence supported the ALJ's conclusion that the plaintiff's actions satisfied the "similar fault" standard for reopening the initial determination.

Accordingly, the plaintiff's motion for summary judgment is granted, the defendant's motion for summary judgment is denied, and the Secretary's decision is affirmed.