**John G. TEPFER, SSN: 572–64–4827, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 88–2142.**

United States District Court, W.D. Arkansas, Fort Smith Division.

May 5, 1989.

Davis Duty, Fort Smith, Ark., for plaintiff.

Gayla Fuller, Office of Gen. Counsel, Dept. of Health & Human Services, Dallas, Tex., and Mark Webb, Asst. U.S. Atty., Ft. Smith, Ark., for defendant.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

On August 16, 1983, plaintiff, a welder, filed applications for disability benefits and supplemental security income (SSI). Plaintiff alleged that he became unable to work on June 15, 1983. Plaintiff returned to work in May 1984, and continued to work until April 17, 1986 (ALJ 3).[1] The Social Security Administration (SSA) denied benefits based on plaintiff's return to work (ALJ 3).

Plaintiff ceased his employment on April 17, 1986, and filed another application for benefits on May 9, 1986 (ALJ 3). In November 1987, an SSA administrative law judge (ALJ) granted benefits for the period after April 17, 1986, and also for the period between June 1983 (the date of the onset of plaintiff's disability) and February 1985 (nine months after the start of plaintiff's employment). The SSA Appeals Council reversed the ALJ's decision in part on June 6, 1988, holding that plaintiff was not entitled to benefits for the period between 1983 and 1985.

On July 19, 1988, plaintiff appealed SSA's denial of benefits for the 1983–85 period. The court referred the appeal to the Hon. Beverly Stites, U.S. Magistrate for the Western District of Arkansas. The parties filed cross-motions for summary judgment, and the magistrate issued proposed findings and recommendations on March 28, 1989. The magistrate recommended that plaintiff's motion be granted, and that the ALJ's decision granting benefits be reinstated. And defendant filed objections on April 24, 1989.

### I.

42 U.S.C.A. § 423(d)(1)(A) (1989 Supp.) provides that a claimant for disability benefits is disabled only if he suffers from "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be *expected to last* for a continuous period of not less than 12 months...." (emphasis added). A claimant who earns over $300 a month will generally be presumed to have engaged in "substantial gainful activity" and therefore not to be disabled. 20 C.F.R. § 404.1574(b)(2)(vi) (1988).

On the other hand, 20 C.F.R. § 404.1592 provides for a "trial work period" during which a claimant "may test ... [his] ability to work and still be considered disabled." 20 C.F.R. § 404.1592(a). A claimant may begin a "trial work period" after he becomes entitled to benefits. 20 C.F.R. § 404.1592(e). Such entitlement begins five months after the onset of disability. 42 U.S.C. § 423(c)(2). A claimant may engage in trial work for nine months. 20 C.F.R. § 404.1592(e). Thus, plaintiff's trial work period, if any, ended in February 1985, more than a year after the onset of disability. Services performed during the trial work period will not be considered in determining whether a claimant's disability has ended during that period. 20 C.F.R. § 404.1592(a). Therefore, if plaintiff is entitled to a trial work period, his 1984–85 employment would not bar a finding that he was disabled and therefore entitled to benefits during that period.

---

1. ALJ = Administrative Law Judge decision of November 27, 1987 (numbered by court).

   DB = Defendants' Brief

   MF = Magistrate's Findings

   AC = Appeals Council decision

By contrast, if plaintiff was not eligible for a trial work period, his work within a year of the onset of disability might well constitute "substantial gainful activity," thus requiring a denial of benefits. It follows that the dispositive question in this case is whether plaintiff's work after May 1984 constituted a "trial work period."

The magistrate held that "a claimant who suffers from an impairment that is *expected to last* at least twelve consecutive months is entitled to ... a trial work period, after completing the five month waiting period." (MF 5) (emphasis added). This holding was based on 42 U.S.C. § 423(d)(1)(A), which states that benefits may be recovered for any disability "which has lasted or can be expected to last" for over twelve months. The magistrate construed the "expected to last" clause to mean that "a person may return to work after five but before twelve months from the onset of the disability ... [if] her disability is still expected to last twelve continuous months from its alleged onset date...." *McDonald v. Bowen,* 818 F.2d 559, 564 (7th Cir.1986). In other words, the magistrate held that plaintiff is entitled to a trial work period if (as of May 1984) his disability was expected to last until June 15, 1984 (a year from the alleged onset of disability).

Defendant challenges both the magistrate's findings and *McDonald,* for three reasons. First, he argues that because plaintiff engaged in "substantial gainful activity" by working, he is not entitled to a trial work period (DB 3). Second, he argues that 20 C.F.R. § 404.1592(d)(1), which provides that "[t]hose who are receiving disability insurance benefits ... generally are entitled to a trial work period" means that "only those who are receiving disability benefits are entitled to a trial work period." (DB 3). Third, he argues that the magistrate's interpretation of the "expected to last" language of § 423(d)(1)(A) should be rejected because it requires him to make predictions about the longevity of a claimant's disability, regardless of whether he actually returned to work.

## II.

### A.

As the magistrate notes, § 423(d)(1)(A) states that a claimant may be declared disabled based on the expectation of a 12-month impairment. The *McDonald* court, and numerous district court cases cited in *McDonald,* interpret this language literally and hold that a claimant may be declared disabled based on the expectation of disability even if he returns to work within a year. *See McDonald,* 818 F.2d at 564 (a claimant who returned to work within a year and whose disability was "expected to last at least twelve consecutive months is entitled to benefits (as well as to a trial work period) after completing the five months waiting period"); *but see contra Ozovek v. Mathews,* CCH Unemp.Ins.Reporter ¶ 14,957 at 2499–574, 576 (M.D.Pa. 1976) (where plaintiff performed "substantial gainful activity," he was not disabled and therefore not entitled to a trial work period). The court finds that *Ozovek* was wrongly decided and that plaintiff is entitled to a trial work period, both because of the literal meaning of the statute and because the *Ozovek* court failed to consider the relevance of the "expected to last" provision of § 423(d)(1)(A).

Furthermore, § 404.1592 states that a claimant may begin a trial work period within five months of the onset of disability. Thus, it appears obvious that plaintiff was entitled to a trial work period in May 1984, eleven months after the onset of disability, unless her disability did not last, and could not have been expected to last, until June 1984.

### B.

Defendant's arguments to the contrary are without merit. As noted above, defendant argues that § 404.1592 does not apply where plaintiff's work is "substantial and gainful." The Social Security Act specifically provides that "any services rendered by an individual during a period of trial work shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period." 42 U.S.C.

§ 422(c)(2). If "substantial and gainful" activity did not constitute trial work, this provision would be completely unnecessary, because "insubstantial" work is not very relevant to a determination of whether the claimant is disabled. Furthermore, 20 C.F. R. § 404.1592(b) states that trial work services includes "any activity, *even though* it is not substantial gainful activity . . . ." (emphasis added) for pay or profit. The use of the term "even though" certainly implies that "substantial" activity is also included in the definition of "trial work." Indeed, the underlying policy of the "trial work period" rule is that claimants should test their ability to work. This policy would obviously be frustrated, if, as defendant argues, claimants are declared ineligible for trial work because they work too much.

Defendant also proposes that the magistrate's interpretation would be difficult to administer, because it requires predictions as to claimants' health. This argument flouts the plain meaning of the "expected to last" clause, which requires predictions as to disability.

 Finally, defendant cites 20 C.F.R. § 404.1592(d)(1), which states that "[t]hose who are receiving disability benefits ... generally are entitled to a trial work period." Defendant interprets this regulation to mean that "only those who are receiving benefits are entitled to a trial work period" (DB 3). As noted above, subsection (d)(1) states that those who are already receiving benefits "generally are entitled to a trial work period." This subsection does not, however, expressly exclude those who are not yet receiving benefits. The language of this regulation suggests that certain claimants are generally entitled to a work period, but does not exclude other claimants. *See e.g., McMillen v. Califano,* 443 F.Supp. 1362, 1367 (N.D.N.Y.1978) ("[w]hile an individual must be entitled to disability insurance benefits before a trial work period can begin, he does not have to be actually receiving such benefits at the time"); *but see contra Mullis v. Bowen,* 861 F.2d 991, 993 (6th Cir.1988) (trial work period "only applies after a person has been adjudged disabled" or "before there is

an application for disability"). Furthermore, defendant's proposed interpretation would lead to unequal treatment of similarly situated claimants. A claimant whose claim was filed in an overloaded SSA office or was handled by an incompetent employee would be unable to engage in trial work for years, while another would be able to do so within five months of the onset of disability. *See* 3 *Social Security: Law and Practice* § 45.86 at 66 (1987) (criticizing SSA position).

In sum, the court agrees with the magistrate's finding that plaintiff's employment between May 1984 and February 1985 constituted a "trial work period" which may not be considered in determining disability. Accordingly, the court will adopt the magistrate's findings and recommendations and enter summary judgment for plaintiff.