Randol L. HILDEBRAND,
Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 01–1932.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 29, 2002.

Decided Feb. 25, 2002.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

Randol L. Hildebrand appeals the district court's order affirming the Commissioner's decision to deny disability benefits under the Social Security Act. *See* 42 U.S.C. § 422(a). We affirm.

## Background

In October 1994 Hildebrand, 45–years–old at the time, was struck by an automobile while walking. He suffered various injuries including fractures to his right tibia, right fibula, and a rib; dislocation of his right shoulder; and pnuemothorax (the accumulation of air or gas in the thorax). His treatment included placing his arm in a sling, his leg in a cast, and placing a tube in his chest to relieve the pnuemothorax. Due to his injuries, Hildebrand was unable to work for a six-month period, but he returned part-time to his job as a fabric cutter's helper (his line of work since 1968) in April 1995, and, according to payment records and testimony, resumed full-time work two-to-three months later.

In May 1996 Hildebrand filed a claim for disability benefits dating back to October 1994. After a hearing, an ALJ denied Hildebrand's application. The ALJ reasoned that Hildebrand was not entitled to benefits because he failed to show that his injuries prevented him from working for a continuous twelve-month period, a requirement for establishing "disability" under the Act. *See* 42 U.S.C. § 423(d)(1)(A). The Appeals Council, however, remanded the case in light of *McDonald v. Bowen,* 818 F.2d 559 (7th Cir.1986), explaining that work performed within twelve months does not automatically preclude a finding of disability because the claimant may have been entitled to a "trial work period." Under a trial work period claimants may return to work in order to test their abilities without forfeiting their entitlement to benefits. *See id.* at 563. Accordingly, the Council remanded for the ALJ to determine whether Hildebrand was entitled to a trial work period.

A second hearing was then held at which Hildebrand and a vocational expert testified. The ALJ again denied benefits, finding that Hildebrand's return to work within twelve months of his injuries constituted substantial gainful activity and did not qualify as a trial work period. According to the ALJ, Hildebrand could qualify for a trial work period only by establishing that he was disabled for twelve months or that he was expected to be disabled for a twelve-month period, and Hildebrand had failed to establish either requirement. After the Appeals Council denied Hildebrand's request for review, the district court affirmed, concluding that substantial evidence supported the ALJ's conclusions that Hildebrand engaged in substantial gainful activity within twelve months of his injuries and that Hildebrand was not entitled to a trial work period.

## Discussion

This court reviews the district court's decision de novo and will affirm so long as the ALJ's decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Powers v. Apfel,* 207 F.3d 431, 434 (7th Cir.2000). The ALJ's decision must "build an accurate and logical bridge" between the evidence and the conclusions. *Groves v. Apfel,* 148 F.3d 809, 811 (7th Cir.1998). The burden of proof is on the claimant to demonstrate disability under the Social Security Act. *See Maggard v. Apfel,* 167 F.3d 376, 378 (7th Cir.1999).

"Disability" is defined under the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations provide a five-step inquiry to help determine disability: (1) Is the claimant engaged in substantial gainful activity? (2) Does the claimant have a severe impairment? (3) Does the impairment meet or equal a listed impairment? (4) Does the impairment prevent

the claimant from doing past relevant work? (5) Does the impairment prevent the claimant from doing other relevant work? *See* 20 C.F.R. § 404.1520.

If the claimant engages in substantial gainful activity during the twelve-month durational period, the inquiry ends at step one and the claimant is not entitled to benefits. *See id.; McDonald,* 818 F.2d at 562. An exception to this rule, however, applies when work activity performed by a claimant takes place during a trial work period because work activity during a trial work period may not be counted in showing that a disability has ended. *See* 42 U.S.C § 422(c)(2); 20 C.F.R. § 404.1592(a); *McDonald,* 818 F.2d at 563. Focusing on the first step of the five-step test, the ALJ concluded that Hildebrand engaged in substantial gainful activity when he returned to full-time work in June 1995. Hildebrand argued that even if his work counted as substantial gainful activity, he was entitled nevertheless to a trial work period and consequently any work activity during this period should not preclude a finding of disability. The ALJ concluded that Hildebrand's work activity did not qualify as a trial work period because at no time did Hildebrand show that his disability was expected to last for twelve months.

## I. Substantial Gainful Activity

■ The factors for evaluating whether work constitutes substantial gainful activity are (1) the amount of the claimant's earnings for the relevant period, and (2) whether the claimant performed work activity in a special or sheltered environment. *See* 20 C.F.R. § 404.1574(a); *Jones v. Shalala,* 21 F.3d 191, 192 (7th Cir.1994). Earnings of over $ 500 (for 1990–1999) in any month create a rebuttable presumption of substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2); *Jones,* 21 F.3d at 192. In focusing on the first prong, the ALJ pointed out that Hildebrand's earnings records during the period he returned to work (for example, $ 774 in July 1995) significantly exceeded the $ 500 amount creating a rebuttable presumption of substantial gainful activity. Other evidence considered by the ALJ included medical records and testimony from a vocational expert. As for the second prong, the ALJ noted that the medical records from the period before Hildebrand returned to work (January 1995–May 1995) indicated that Hildebrand's fractures healed without pain or swelling. Moreover, the vocational expert testified that Hildebrand's description of his work activity did not reflect whether the work took place in a special or sheltered environment.

Significantly, Hildebrand did not contest the ALJ's threshold finding that the work constituted substantial gainful activity. Passing up any such challenge, he argued only that the work qualified as a trial work period. Nor for that matter did he offer any evidence to rebut the presumption that his earnings established substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2). Therefore, substantial evidence supports the ALJ's conclusion that Hildebrand's work constituted substantial gainful activity. *See Jones,* 21 F.3d at 192–93. Accordingly, Hildebrand would be entitled to benefits only if the work qualifies as a trial work period.

## II. Trial Work Period

■ Disabled claimants may be entitled to a trial work period, which allows them to test their ability to work without losing disability benefits. *See* 20 C.F.R. § 404.1592(a). A trial work period applies to work performed after the onset of disability and may last up to nine months. *See id.* A trial work period may not begin, however, until after a five-month waiting

period following the onset of disability, which is the month claimants become entitled to benefits. *See* 42 U.S.C. § 422(c)(3); *McDonald*, 818 F.2d at 562. In addition, a trial work period may not begin before the month in which a claimant applies for benefits. *See* 20 C.F.R. § 404.1592(e); *Newton v. Chater*, 92 F.3d 688, 693 (8th Cir. 1996); *Cieutat v. Bowen*, 824 F.2d 348, 359 (5th Cir.1987).

Hildebrand argues that his return to work qualified as a trial work period and, consequently, cannot be counted in determining his disability status. He was not entitled to a trial work period for this activity, however, because he had not yet filed his application for benefits. *See* 20 C.F.R. § 404.1592(e) (a trial work period "cannot begin before the month in which you file your application for benefits"). Specifically, Hildebrand seeks a trial work period from June 1995 through at least October 1995 (the end of the twelve month period); however, he did not file his application until May 1996. Because Hildebrand's substantial gainful activity occurred within twelve months from the onset of his impairment and did not qualify as a trial work period, he was not entitled to disability benefits.

Accordingly, the district court's judgment is AFFIRMED.