**Richard CASE, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 90–CV–1277A.**

United States District Court, W.D. New York.

Sept. 15, 1992.

Dennis C. Vacco, U.S. Atty., Jane B. Wolfe, Asst. U.S. Atty., Buffalo, NY, for defendant.

## ORDER

ARCARA, District Judge.

This Court, having carefully reviewed Magistrate Judge Carol Heckman's Report and Recommendation of August 5, 1992, as well as the pleadings and materials submitted by both parties; and no objections having been timely filed to the Magistrate Judge's Report and Recommendation in the above-captioned matter, it is hereby

ORDERED, that pursuant to 28 U.S.C. Section 636(b)(1), the Magistrate's Report and Recommendation is accepted in its entirety, and the matter is remanded to the defendant solely for the calculation and payment of benefits.

It is so ordered.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, I recommend that the Secretary's decision be reversed and the case remanded solely for calculation of benefits.

Plaintiff initiated this action to review the final decision of the Secretary of Health and Human Services (the "Secretary") disallowing a period of disability and disability benefits, and the Secretary has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The following constitutes the undersigned's proposed findings and recommendations for the disposition of said motion.

### FACTUAL AND PROCEDURAL BACKGROUND

The administrative record, filed by the Secretary as part of his Answer (Item 6) to the Complaint (Item 1), reflects that Plaintiff, born January 18, 1943, has a high school equivalency diploma, and completed

Josephine A. Greco, Offerman, Mahoney, Cassano, Pigott, Greco & Whalen, Buffalo, NY, for plaintiff.

a year-and-a-half of college (T. 95).[1] From 1969 to 1979 he worked in Florida as an executive of a food service and automatic vending company. From 1979 to 1983 he worked for a company which sold over-the-counter drugs, and became the President of that company in 1980 (T. 56, 107, 222). In or around June, 1983, he stopped working as a result of increasing emotional problems, and sought psychiatric treatment under the care of Dr. R.E. Ballentine (T. 223, 462). Dr. Ballentine was Plaintiff's treating psychiatrist between September 13, 1983 and September 7, 1984 (T. 223).

In or around August, 1984, Plaintiff moved to Buffalo to assume a job as a manager for the Canteen Corporation ("Canteen") at a salary of $48,000.00 per year (T. 222, 482). On August 28, 1984, he came under the psychiatric care of Dr. Howard C. Wilinsky (T. 482), who was Plaintiff's treating psychiatrist until at least March, 1986 (T. 288). Plaintiff was terminated from his employment with Canteen in or around July, 1985 (T. 121, 123). Since then, he has attempted to work as a car salesperson at various dealerships in the Buffalo area, but has not held any position for longer than five months (T. 96, 421).

Plaintiff filed his application for disability insurance benefits on December 28, 1983, with the Orlando, Florida district office of the Social Security Administration ("SSA"). He alleges a period of disability beginning July 1, 1983 due to depression (T. 145–48). Plaintiff's claim was denied initially and on reconsideration (T. 149–50, 152–53). Plaintiff requested review of this determination, and a hearing was held in Orlando on June 5, 1984, before Administrative Law Judge ("ALJ") P.H. Hyden. In a decision dated September 4, 1984, ALJ Hyden found that Plaintiff was suffering from "a severe mental impairment" which prevented him from engaging in his past work or "any substantial gainful activity on a sustained basis ...," and that Plaintiff was therefore disabled within the meaning of the Social Security Act as of July 1, 1983 (T. 211–14). On its own motion, the Ap-

peals Council remanded the case to a different ALJ for further proceedings, based on its determination that ALJ Hyden's decision was not supported by substantial evidence (T. 216–18).

On October 3, 1985, Plaintiff requested a new decision on his disability claim (T. 245), and was notified on April 7, 1986 that the SSA had determined him to be disabled as of August 1, 1985 (T. 246–47). This determination was upheld on reconsideration (T. 253). Pursuant to Plaintiff's request for review, a hearing was held before ALJ Nicholas Haragos in Buffalo, New York on August 10, 1987, at which Plaintiff testified and was represented by counsel. By decision dated September 21, 1987, ALJ Haragos found that there was insufficient evidence in the record to establish Plaintiff's disability at any time prior to August 1, 1985 (T. 63–73).

Plaintiff requested review by letter dated October 14, 1987 (T. 61–62). By order dated July 11, 1989 (almost 21 months after Plaintiff's request for review), the Appeals Council vacated the ALJ's decision and remanded the case for further consideration of Plaintiff's claim that he was disabled as of July 1, 1983 (T. 42–45). A further hearing was held on February 23, 1990 (T. 85–144), also before ALJ Haragos. On April 19, 1990, ALJ Haragos determined that Plaintiff's mental impairment entitled him to a period of disability from July 1, 1983 to September 1, 1984, but that the record indicated "significant medical improvement in his condition" as of September, 1984, documented by the fact that Plaintiff returned to work as a manager of a food service company at a salary of $48,000.00 per year (T. 26–37). Accordingly, ALJ Haragos found that Plaintiff was not entitled to the period of disability between July 1, 1984 and August 1, 1985 (T. 30). The Appeals Council denied Plaintiff's request for review on October 18, 1990 (T. 6–7), rendering ALJ Haragos' April 19, 1990 decision as the final decision of the Secretary.

## DISCUSSION

█ Plaintiff filed the instant action on December 13, 1990 (*See* Complaint, desig-

---

1. Page citations are to the transcript of the administrative record.

nated as "Item 1" on the Clerk's docket), seeking review of the Secretary's final decision pursuant to § 405(g) of the Act.[2] Plaintiff contends that the period between September 1984 and July 1985 was a "trial work period" under 42 U.S.C. § 422 and 20 C.F.R. § 404.1592 during which he retained his "disabled" status while he tested his ability to work. Plaintiff further contends that the Secretary's finding that Plaintiff was not disabled between September 1, 1984 and August 1, 1985 is not supported by substantial evidence since the record contains several diagnoses of his mental disorders sufficient to establish his inability to engage in his past, or any, occupation or to engage in substantial gainful activity of any type for the period beginning and continuing from July 1, 1983.

The Secretary disputes Plaintiff's characterization of the period between September, 1984 and July, 1985 as a "trial work period," and contends that Plaintiff's earnings during that period create a presumption that Plaintiff was able to engage in substantial gainful activity. According to the Secretary, this presumption is sufficient to support his determination that Plaintiff was not disabled during that disputed period.

The Social Security Act states that, upon review of the Secretary's decision by the district court, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g) (1991); see n. 2, supra. Substantial evidence is defined as evidence which a " 'reasonable mind might accept as adequate to support a conclusion' ". Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); Jones v. Sullivan, 949 F.2d 57, 59 (2d Cir.1991).

Under these standards, the scope of judicial review of the Secretary's decision is limited, and the reviewing court may not try the case de novo or substitute its findings for those of the Secretary. Richardson, supra, 402 U.S. at 401, 91 S.Ct. at 1427. The court's sole inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Secretary. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) (emphasis added).

Upon review of the entire record before me, it is clear that substantial evidence does not support the conclusion that Plaintiff was not disabled during the period between September 1, 1984 and August 1, 1985. The only apparent evidence relied on by the ALJ in reaching this conclusion consists of a report by Dr. Ballentine (the psychiatrist who treated Plaintiff in Florida between September 13, 1983 and September 7, 1984) which was prepared in January, 1990 upon request of the SSA's Buffalo district Office of Hearings and Appeals (T. 462). This report stated, in part:

> When first seen [Plaintiff] had symptoms of anxiety, depression, lack of motivation, irritability, [and] loss of interest. These symptoms seem to have been precipitated by the failure of his business several months before. He was diagnosed as having what is currently called ... a major depressive disorder. He was treated with Nardil and responded well. When last seen (Sept. 7, 1984) he was able to return to work.

(T. 462). The ALJ apparently read this report, prepared five and-a-half years after Plaintiff's last visit, as Dr. Ballentine's opinion that Plaintiff's condition improved to such a degree that "he was able to return to work." However, when "read as a whole," Sample v. Schweiker, supra, 694 F.2d at 642, Dr. Ballentine's reports clearly

---

**2.** § 405(g) provides, in relevant part:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....

42 U.S.C. § 405(g) (1991).

demonstrate. that Plaintiff was disabled during the entire period of his Florida treatment, and do not provide substantial evidence for a reasonable determination that Plaintiff's condition had improved to the degree found by the ALJ. For example, on March 9, 1984, while commenting that Plaintiff's "prognosis is good," Dr. Ballentine noted that Plaintiff's disability was continuing, and that he was "currently 100% disabled" (T. 201). Indeed, as late as July 6, 1984, Dr. Ballentine noted that "[w]hile he has shown some improvement, he is still totally disabled" (T. 210). Additionally, in a letter to ALJ Margaret J. Cane dated May 30, 1985, Dr. Ballentine noted that when he last saw Plaintiff on September 7, 1984, "his condition had stabilized, [he] was employed in Buffalo, and [I] felt he was coping well" (T. 223). ALJ Haragos considered these reports as the opinion of Plaintiff's treating physician that Plaintiff was "able to return to work" as of July 1, 1984.

The ALJ's decision did not mention any of the reports of Dr. Wilinsky, the psychiatrist who treated Plaintiff in Buffalo during the disputed eligibility period (T. 482–507). When read in conjunction with the reports of Dr. Ballentine, these reports provide considerable evidence of Plaintiff's continuing disability during that period. For example, on November 26, 1984, Dr. Wilinsky reported that Plaintiff was experiencing "rapid mood swings, anxiety attacks, morbid insecurity and frequent depression" (T. 506). Later, on February 13, 1985, Dr. Wilinsky reported that these symptoms were essentially unchanged, and that Plaintiff was "unable to function at pre-morbid level" (T. 503). The ALJ thus failed to consider these reports under the "treating physician" rule of *Schisler v. Bowen*, 851 F.2d 43, 47 (2d Cir.1988), and further, these reports constitute substantial evidence contrary to the opinion of Dr. Ballentine, as interpreted by ALJ Haragos, that Plaintiff was able to return to work as of July, 1984.

Beyond this, ALJ Haragos apparently relied heavily on the fact that Plaintiff had resumed work upon his return to Buffalo. According to the ALJ, "[t]he fact that [Plaintiff] was able to obtain a job which paid $48,000.00 a year is ample documentation of the significant medical improvement in his condition" (T. 30). Under the Secretary's regulations, the SSA may consider the amount of earnings from work performed to show that the claimant was able to engage in substantial gainful activity during that period, *see* 20 C.F.R. § 404.-1574(a), and "will consider that ... earnings from [claimant's] work activities as an employee show that [claimant has] engaged in substantial gainful activity if— ... earnings averaged more than $300 a month in calendar years after 1979 and before 1990...." 20 C.F.R. § 404.1574(b)(2)(vi) (1991). However, in making this determination, the SSA must also consider, among other factors, how well the claimant has performed:

> We consider how well you do your work when we determine whether or not you are doing substantial gainful activity. If you do your work satisfactorily, this may show that you are working at the substantial gainful activity level. If you are unable, because of your impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, this may show that you are not working at the substantial gainful activity level.

20 C.F.R. § 404.1573(b) (1991). As recognized in *Goldstein v. Harris*, 517 F.Supp. 1314, 1317 (S.D.N.Y.1981):

> Earnings in excess of the specified amounts do not preclude a finding of disability, but merely create a rebuttable presumption of substantial gainful activity. The ALJ must also consider the nature of the work performed, the adequacy of performance, any special employment conditions, and the amount of time spent working.

517 F.Supp. at 1317.

My review of the record indicates that any presumption of substantial gainful activity created by the amount of Plaintiff's earnings during the period of his employment with Canteen is rebutted by evidence that Plaintiff's performance of his manage-

rial duties during that period was "very unsatisfactory" (T. 512). In a letter to Plaintiff's attorney dated March 14, 1990, Mr. Henry Wells, Plaintiff's employer at Canteen, stated that Plaintiff "was absolutely overpaid and did a very unsatisfactory job" (*id.*).[3] Additionally, Dr. Wilinsky observed on several occasions that Plaintiff was having a difficult time performing his duties at Canteen. *See, e.g.,* T. 486, 498, 501.

Based on the foregoing, I find that the Secretary's decision is not supported by substantial evidence. I therefore do not find it necessary to address Plaintiff's contentions that the disputed period was a "trial work period" under the provisions of the Act.

Finally, the ALJ erred as a matter of law when he failed to give an adequate explanation for discrediting Plaintiff's testimony regarding his disability. "When an administrative law judge discredits an applicant[']s testimony, [he] must articulate the reasons for doing so." *Meyer v. Schweiker,* 549 F.Supp. 1242, 1247 (W.D.N.Y.1982).

Accordingly, it is my recommendation that the decision of the Secretary denying Plaintiff a period of disability and disability benefits from September 1, 1984 to August 1, 1985 be reversed. I further recommend that this case be remanded to the Secretary solely for calculation of benefits.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after being served with this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

SO ORDERED.

August 5, 1992

---

**3.** The Secretary, in his brief in support of the instant motion, urges the court to discredit Mr. Wells' letter since it was prepared five years after Plaintiff's employment with Canteen ended, was requested by Plaintiff's attorney, and is inconsistent with Plaintiff's own statements made in 1986. Item 8, p. 25. I note that the report of Dr. Ballentine relied upon by the Sec- retary for the opinion that Plaintiff was "able to return to work" as of July, 1984 was prepared in January, 1990 (more than five years after Dr. Ballentine's last examination of Plaintiff) in response to the Secretary's request, and is inconsistent with several contemporaneous reports of Dr. Ballentine, as well as reports of other psychiatrists and physicians visited by Plaintiff.