**Norman J. FIOLA, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant–Appellee.**

No. 89–56094.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 1990.

Decided Dec. 28, 1990.

Bertram L. Potter, Potter & Cohen, Pasadena, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before BROWNING, PREGERSON and LEAVY, Circuit Judges.

PER CURIAM:

Under 42 U.S.C. § 402(d)(1)(B) of the Social Security Act, persons who have been disabled since childhood may receive benefits as secondary beneficiaries of fully insured wage-earning parents. This case concerns the eligibility for benefits of disabled secondary beneficiaries who have married and subsequently divorced. Plaintiff Norman Fiola has been disabled since childhood. Fiola received benefits from 1958 until his marriage in 1980 to a person not receiving benefits rendered him ineligible under 42 U.S.C. § 402(d)(1)(D).[1] The marriage ended in 1983 and Fiola applied for benefits again. The Social Security Act provides that formerly-married individuals whose child's insurance benefits have been terminated may again become eligible "provided no event specified in paragraph (1)(D) has occurred." 42 U.S.C. § 402(d)(6). Because paragraph (1)(D) refers to the marriage of the recipient, the Secretary ruled Fiola was not eligible for reinstatement. Under the Secretary's interpretation of the Act, a person whose child insurance benefits are terminated due to marriage may never become reentitled to those benefits.

Fiola appealed the Secretary's decision, arguing the statutory provision violated equal protection principles by conditioning reentitlement to benefits on criteria not rationally related to the purposes of the Social Security Act. Fiola pointed out that child insurance benefits are available to several other categories of formerly-married individuals who differed only in the timing of their applications for benefits or in whether they had a second fully-insured parent. The district court granted summary judgment in favor of the Secretary.

This court has not previously had occasion to consider the reentitlement provisions at issue here. The Second Circuit, relying on the plain language of the statute and refusing to examine the legislative history, held that the Secretary interpreted the statute properly. *McMahon v. Califano,* 605 F.2d 49 (2d Cir.1979) cert. denied 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 We would not necessarily rule out a broader exploration of Congressional intent, including an analysis of the legislative history. *See Public Citizen v. United States Dept. of Justice,* 491 U.S. 440, 109 S.Ct. 2558, 2566, 105 L.Ed.2d 377 (1989); *see also Church of the Holy Trinity v. United States,* 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892). But Fiola did not challenge the Secretary's interpretation of the statute before the district court, and we therefore express no view on the interpretation of the statute as approved in *McMahon.*

On the constitutional issue that is presented here, the *McMahon* court held that the Secretary's interpretation of the statute did not create distinctions that were so irrational as to violate the equal protection principles of the fifth amendment's due process clause. We agree with the *McMahon* court, for the reasons given in that opinion.

AFFIRMED.

---

1. Under that provision, benefits terminate with the month preceding the "month in which such child dies or marries." The Supreme Court held the provision constitutional in *Califano v. Jobst,* 434 U.S. 47, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977).