**Belva WILSON, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. CY–93–3031–JBH.**

United States District Court,
E.D. Washington,
Yakima Division.

Jan. 6, 1994.

subject to final approval by the DOI.

Wade E. Gano, Yakima, for plaintiff.

Rolf H. Tangvald, Spokane, for defendant.

## ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION IN PART, *INTER ALIA*

McDONALD, District Judge.

Magistrate Judge Hovis filed a report and recommendation (Ct.Rec. 18) on December 20, 1993 with respect to the summary judgment motions filed by plaintiff and defendant. There being no objections to said report and recommendation and the court having reviewed the same, the court ADOPTS the report and recommendation in its entirety and **IT IS ORDERED** that:

1. Plaintiff's motion for summary judgment (Ct.Rec. 8) is **GRANTED in part and DENIED in part.**

2. Defendant's motion for summary judgment (Ct.Rec. 13) is **GRANTED in part and DENIED in part.**

3. The Secretary's decision is **AFFIRMED in part, REVERSED in part, and REMANDED.**

4. Judgment is entered in favor of plaintiff in accordance with this court's finding that she is entitled to disability benefits from May 29, 1988 through October 31, 1989 and through a "trial work period" from November 1, 1988 through July 1989. Furthermore, that under the reentitlement provision, plaintiff is entitled to receive benefits for the months of August, September and October 1989.

5. The Secretary certify payment of benefits to plaintiff for any amounts withheld for the period from May 29, 1988 through October 31, 1989; or, in the alternative, that the Secretary desist from seeking recovery of an "overpayment" for said months.

6. Judgment is entered in favor of defendant in accordance with this court's finding

that plaintiff was engaged in substantial gainful activity as of August 1, 1989.

7. This matter is **REMANDED** to the Secretary for a determination of whether plaintiff is entitled to a deduction for the purchase of the ergonomic chair in September 1991; and if so, whether said deduction and any other evidence indicates that plaintiff was not engaged in substantial gainful activity for the month of September 1991 (or any months thereafter).

**IT IS SO ORDERED.** The Clerk of the Court shall enter judgment accordingly and forward copies of the judgment and this order to counsel.

## REPORT AND RECOMMENDATION

HOVIS, United States Magistrate Judge.

### JURISDICTION/PROCEDURAL HISTORY

Belva Wilson, plaintiff, applied for Social Security disability insurance benefits ("DIB") on September 19, 1988. On January 14, 1989, the Social Security Administration (SSA) issued a Notice of Award granting plaintiff benefits based on a disability onset date of May 29, 1988. On June 3, 1991, plaintiff was notified that her benefits would be terminated. The SSA concluded that plaintiff had been engaging in substantial gainful activity and that she was no longer disabled. Plaintiff filed a request for reconsideration. In its response to the request, the SSA revised its original determination, finding that the notice of disability cessation was inappropriate. Instead, the SSA reopened the plaintiff's September 19, 1988 application for disability benefits and found that plaintiff was not entitled to any benefits. The SSA based its decision on its finding that plaintiff had returned to substantial gainful activity within twelve months after being awarded benefits. The SSA therefore reversed its prior decision granting benefits.

After timely requesting a hearing, plaintiff, represented by counsel, appeared and testified before Administrative Law Judge ("ALJ") Raymond B. Little. On September 24, 1992, the ALJ issued a decision denying benefits to plaintiff based on her September 19, 1988 application. The Appeals Council denied a request for review, and thus the ALJ decision became the final decision of the Secretary. The Secretary's decision is appealable to district court pursuant to 42 U.S.C. § 405(g). This matter is heard by the undersigned based on the order of reference signed by the Honorable Alan A. McDonald.

## STATEMENT OF MATERIAL FACTS

Plaintiff went to work in November 1988 as a secretary/bookkeeper for St. Paul's parish in Yakima, Washington. She has continued to work there, at least through the date of the administrative hearing. In 1989, plaintiff's earnings totaled $13,876.52; in 1990, $14,887.50; and in 1991, $16,500.00. (Tr. 77). Wage records show that plaintiff was paid $1,137.50 for each month of 1989 and for January of 1990. The records further indicate that plaintiff was paid $1,250.00 for the remaining eleven months of 1990 and the first three months of 1991. (Tr. 47–48). Plaintiff alleges that when she was initially hired, she was only able to stay on the job one to three hours a day. Eventually, she was able to stay longer. Her employer reports that plaintiff's wages are subsidized in an amount equal to approximately 50 hours per month. (Tr. 67–68).

## STANDARD OF REVIEW

"The Secretary's determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence, 42 U.S.C. § 405(g). . . ." *Delgado v. Heckler,* 722 F.2d 570, 572 (9th Cir.1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n. 10 (9th Cir.1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601–602 (9th Cir.1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir.1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "[S]uch inferences and conclusions as the Secretary may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289,

293 (9th Cir.1965); *Beane v. Richardson,* 457 F.2d 758, 759 (9th Cir.1972). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Secretary. *Weetman v. Sullivan,* 877 F.2d 20 (9th Cir.1989); *Thompson v. Schweiker,* 665 F.2d 936, 939 (9th Cir.1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400, 91 S.Ct. at 1426–27. If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir.1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services,* 839 F.2d 432, 433 (9th Cir.1987).

### ISSUES

Plaintiff contends that the Secretary erred in a matter of law. Specifically, plaintiff contends:

1. The ALJ erred in not finding the plaintiff entitled to a trial work period from November 1988 through July 1989.

2. The ALJ erred in finding that plaintiff has engaged in substantial gainful activity.

Absent legal error, the underlying issue before the court is whether substantial evidence supports the decision of the Secretary that the plaintiff is not entitled to a trial work period and that she is not disabled.

### DISCUSSION

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The Act also provides that a claimant shall be determined to be under a disability only if his or her impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Secretary has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520. Step one determines if he is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. § 404.-1520(b). If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Secretary to be so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. § 404.1520(e). If the claimant cannot perform this work, the fifth and final step in the process determines whether he is able to perform other work in the national economy in view of his age, education and work experience. 20 C.F.R. § 404.1520(f). *See: Bowen v. Yuckert,* 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).

▮ The initial burden of proof rests upon plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch,* 438 F.2d 920, 921 (9th Cir.1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his pre-

vious occupation. The burden then shifts to the Secretary to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler,* 722 F.2d 1496, 1498 (9th Cir.1984).

## ALJ'S FINDINGS

The ALJ found that plaintiff is working as a bookkeeper and secretary, and has been doing so since November 1, 1988. The ALJ found that plaintiff is earning an average of $950 per month, after deduction for subsidies. The ALJ concluded that this work activity involves significant physical or mental activities for pay or profit and as such, is "substantial gainful activity" within the meaning of Social Security regulations. Because plaintiff had not been unable to engage in substantial gainful activity for any continuous period of at least twelve months, the ALJ concluded that plaintiff is not disabled.

## DISCUSSION

### A. TRIAL WORK PERIOD

20 C.F.R. § 404.1592(a) provides in relevant part:

> The trial work period is a period during which you may test your ability to work and still be considered disabled ... During this period, you may perform *services* ... in as many as 9 months, but these months do not have to be consecutive. We will not consider those services as showing that your disability has ended until you have performed services in at least 9 months. However, after the trial work period has ended we will consider the work you did during the trial work period in determining whether your disability ended at any time after the trial work period.

20 C.F.R. § 404.1592(e) provides in relevant part:

> The trial work period begins with the month in which you become entitled to disability cash insurance benefits.... It cannot begin before the month in which you file your application for benefits....

It ends with the close of whichever of the following calendar months is the earlier: (1) The 9th month (whether or not the months have been consecutive) in which you have performed services; or (2) The month in which new evidence, other than evidence relating to any work you did during the trial work period, shows that you are not disabled, even though you may not have worked a full 9 months. We may find that your disability has ended at any time during the trial work period if the medical or other evidence shows that you are no longer disabled.

Plaintiff contends that at least a portion of the time she has spent working at St. Paul's must be considered as part of a "trial work period." She premises her argument, in part, on *McDonald v. Bowen,* 818 F.2d 559 (7th Cir.1986). In *McDonald,* at issue was the commencement of the trial work period. The court noted that pursuant to 42 U.S.C. §§ 423(a)(1) and (c)(2), an insured person under the age of sixty-five is "entitled" to disability benefits if that person has filed an application for benefits and has been under a disability as defined in the Social Security Act (hereinafter "the Act") for a period of five consecutive months.[1] *Id.* at 563. The court also noted that the Act defines disability as an impairment "which has lasted or *can be expected to last* for a continuous period of not less than twelve months." *Id.* quoting 42 U.S.C. § 423(d)(1) (emphasis added). According to the court:

> Whether an individual is actually disabled for twelve months as originally anticipated is not controlling with respect to the determination of disability. The Act requires only a prediction that the disability will continue for at least twelve consecutive months after the onset of the disability. The requirement is therefore forward-looking and is not to be nullified by hindsight. (Citation omitted). When an individual has been disabled for five consecutive months and suffers from an impairment which can be expected to last for a continuous period of twelve months, that person is entitled to disability benefits. And even after qualifying for such an entitlement,

---

1. This five month period is referred to as the "waiting period." *See* 42 U.S.C. § 423(c)(2).

one may engage in a trial work period. 42 U.S.C. § 422(c)(3).

*Id.* The court cited legislative history and a number of cases, primarily district court decisions, in support of its reasoning. *Id.* at 563–64.

In *McDonald,* the Secretary concluded that the claimant was not disabled because she had returned to work less than twelve months after the onset of her disability. The court found the Secretary's reasoning was not supported by the Social Security Act which "attempts to strike a balance between paying benefits to people who are disabled and encouraging them to return to work as soon as physically possible." Accordingly:

> [A] person may return to work after five but before twelve months from the onset of the disability without being penalized. That person, however, must be prepared to show that, at the time she returns to work and thereafter her disability is still expected to last at least twelve continuous months from its alleged onset date; otherwise, she will not receive benefits. In this connection, her return to work pursuant to a trial work period is not in itself any evidence that her disability has ended.

*Id.* at 564.

The Seventh Circuit's rationale was eventually adopted by the Tenth Circuit in the case of *Walker v. Secretary of Health and Human Services,* 943 F.2d 1257 (10th Cir. 1991). The *Walker* court noted that the Social Security Administration (SSA), in Acquiescence Ruling 88–3(7), had directed the holding in *McDonald* to apply only within the Seventh Circuit. *Id.* at 1259. However, the court found that SSA's rejection of *McDonald* was inconsistent with the Social Security Act and therefore, the Acquiescence Ruling was not entitled to any deference. According to the court, the language of the Act does not suggest that an individual has to be adjudged disabled and actually receiving

benefits to be entitled to a trial work period. *Id.* at 1260.

The Secretary notes that the Fifth and Sixth circuits have held contrary to the Seventh and Tenth circuits. In *Mullis v. Bowen,* 861 F.2d 991, 993 (6th Cir.1988), the court upheld the Secretary's position that there can be no trial work period until a person has been "adjudged" disabled. In *Cieutat v. Bowen,* 824 F.2d 348, 358–59 (5th Cir.1987), the court found that the trial work period applies only to work done after disability commences and only for the purpose of determining whether disability has ceased. The court further noted that the claimant had performed the work prior to his application for benefits, and therefore it could not be considered "trial work" under the language of 20 C.F.R. § 404.1592(e) (trial work period cannot begin before the month in which the claimant files his application for benefits).

The Ninth Circuit has not spoken on this issue. This court's research has failed to uncover any published district court decisions from within the circuit which address the issue. After careful consideration, the undersigned is persuaded by *McDonald* and *Walker* and the authorities and rationale cited in those cases. In making this decision, the undersigned is following the lead of other district courts, outside of the Fifth, Sixth, Seventh and Tenth circuits, which have opted to follow *McDonald* and *Walker* in spite of the Secretary's Acquiescence Rulings. *See Lacy v. Sullivan,* 810 F.Supp. 1038 (D.Iowa 1992); *Jenkins v. Heckler,* 783 F.Supp. 998 (D.S.C.1992); and *Tepfer v. Secretary of Health and Human Services,* 712 F.Supp. 156 (W.D.Ark.1989).

█ In the instant case then, the fact that plaintiff was apparently not "adjudged" disabled until January of 1989 is of no consequence.[2] Plaintiff applied for benefits in September of 1988. She began to work in November 1988. Unlike the claimant in

---

**2.** If the court were to follow the Secretary's reasoning, it could be consequential since the work performed by plaintiff in November and December of 1988 might be considered as "substantial gainful activity." If it were "substantial and gainful activity," the Secretary would be

justified in reopening the decision and denying benefits because the plaintiff's impairments would not have been disabling for a period of at least twelve months from the date of onset (May 29, 1988).

*Cieutat*, the plaintiff did not begin working before she filed her application for benefits. Plaintiff did not return to work before five months had elapsed from the date of the onset of her disability. She also did not return to work in excess of twelve months from the date of onset. The plaintiff became "entitled" to disability benefits as of September 1989 because as of that date, she had filed an application for disability benefits and had been disabled for a period of five consecutive months. Accordingly, plaintiff became eligible for a trial work period commencing in September 1988.

■ Work is not considered "trial work" unless the claimant performs "services." According to 20 C.F.R. § 404.1592(b):

> *Services* means any activity, even though it is not substantial gainful activity, which is done by a person in employment or self-employment for pay or profit, or is the kind normally done for pay or profit. If you are an employee, we will consider your work to be *services* if in any calendar year after 1989 you earn more than $200 a month ($75 a month is the amount for calendar years 1979 through 1989, and $50 a month is the amount for calendar years before 1979).... We generally do not consider work to be *services* when it is done without remuneration or merely as therapy or training, or when it is work usually done in a daily routine around the home, or self care.

Plaintiff admits that she started working for St. Paul's in November 1988 and that she received wages for her work. According to plaintiff, her starting wage was $1137.50 per month. (Tr. 90, 95–96). Plaintiff's work, commencing in November 1988, was performed for "remuneration," for "pay or profit," and her monthly earnings clearly exceed the sums specified in the regulation. The record shows plaintiff receiving monthly earnings continuously through March 1991 ($1137.50 for each month of 1989 and for January 1990, and $1250.00 for February 1990 through March 1991). The written statement of plaintiff's employer shows that plaintiff was still employed at St. Paul's in December of 1991 (Tr. 67–68). Plaintiff's testimony indicates she was still so employed through the date of the hearing (July 15, 1992).

Pursuant to section 404.1592(e)(1), plaintiff's trial work period extended for nine months from November 1988 through July 1989. The record does not reflect any "medical or other" evidence that plaintiff was no longer disabled during that period of time. *See* section 404.1592(e)(2).[3] Plaintiff was entitled to receive benefits continuously from May 29, 1988 through July of 1989.

■ Beginning in August 1989, plaintiff was no longer protected by the trial work provision. Therefore, if the plaintiff was performing "substantial gainful activity" at that time, she was no longer entitled to receive benefits.

**B. SUBSTANTIAL GAINFUL ACTIVITY**

If a person is engaged in substantial gainful activity, she is considered not disabled without consideration of medical factors or other vocational factors. Generally, work is "substantial" if it "involves doing significant physical or mental activities," and it may be substantial even if it is part-time. 20 C.F.R. § 404.1572(a). "Gainful" work is done for profit, or it is of the type done for profit. 20 C.F.R. § 404.1572(b).

■ Earnings levels may indicate that work is or is not substantial gainful activity. 20 C.F.R. § 404.1574. Usually, average monthly earnings greater than $300 (before January 1, 1990) or $500 after (January 1, 1990) indicate substantial gainful activity. 20 C.F.R. § 404.1574(b)(2). Earnings between $190 and $300 (before January 1990) or between $300 and $500 (after January 1990) may indicate substantial gainful activity if the work is comparable to that done by unimpaired persons. 20 C.F.R. § 404.1574(b)(6). Earnings less than $190 (before January 1990) or $300 (after January 1990) generally indicate the work is not substantial gainful activity. 20 C.F.R. § 404.1574(b)(3).

3. Because plaintiff's work activity during this period of time was protected under the "trial work" provision, it could not be considered "substantial gainful activity" for the purpose of finding the plaintiff no longer disabled.

The mere existence of earnings in excess of the earnings levels is not dispositive. *Keyes v. Sullivan,* 894 F.2d 1053 (9th Cir. 1990). However, such earnings create a presumption of substantial gainful activity which the claimant may rebut with "evidence of his inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." *Id.* at 1056.

■ The record shows that plaintiff earned $1137.50 for the months of August 1989 through January 1990. Plaintiff earned $1250.00 in each month thereafter through March 1991. Plaintiff's employer reported that plaintiff's salary was being subsidized in an amount equal to 50 hours per month. This subsidy is in the form of assistance from other staff members and volunteers. (Tr. 68). Even with the subsidy, the ALJ correctly found that plaintiff's monthly earnings exceed the earnings levels specified in 20 C.F.R. § 404.1574.[4] (Tr. 10). Therefore, plaintiff was presumptively engaged in substantial gainful activity during that period of time.

■ Plaintiff has not offered sufficient evidence to rebut the presumption that she engaged in substantial gainful activity after July 1989. Plaintiff's employer indicates that her job duties are varied and include computer work, bookkeeping, answering telephones, and taking care of payroll. According to the employer, when plaintiff first started working she was only able to stay one to three hours a day. However, she eventually became able to stay longer. The employer noted that a replacement is necessary when the plaintiff is absent and that this replacement would have to spend 37 to 40 hours per week performing the requisite job duties. (Tr. 67–68). At the hearing, plaintiff indicated that when she first started working for St. Paul's, she was only able to work for an hour or two before she had to go home. She

indicates that she would take work home with her. (Tr. 98). Plaintiff states that she eventually increased her hours and that by December of 1989, she may have been working 30 hours a week. (Tr. 100).

The record is not clear as to how many hours the plaintiff may have been working in August 1989. There is no evidence that plaintiff's work in August 1989 was being subsidized in an amount greater than 50 hours. As the court has noted, plaintiff bears the burden of proving that she was not engaged in substantial gainful activity after July 1989. She has not met that burden. There is substantial evidence that plaintiff's work for St. Paul's as of August 1989 was "substantial" (involving significant mental activities) and "gainful" (done for pay or profit).

Because plaintiff was entitled to a trial work period, the reentitlement provision of 20 C.F.R. § 404.1592a is applicable to her. Subsection (a) provides in relevant part:

The reentitlement period is an additional period after 9 months of trial work during which you may continue to test your ability to work if you have a disabling impairment. You will not be paid benefits for any month, *after the third month,* in this period in which you do substantial gainful activity and you will be paid benefits for months in which you do not do substantial gainful activity.

(Emphasis supplied). Accordingly, plaintiff is also entitled to benefits for August, September and October 1989, even though she was performing substantial gainful activity at that time.

The reentitlement period begins with the month immediately following a disabled claimant's ninth month of trial work. The extended period of eligibility ends with the earlier of the third month following the earliest month after the trial work period during

---

4. Based on a 40–hour week, the ALJ concluded that plaintiff was receiving an hourly rate of $7.85. The court notes that plaintiff does not challenge any of the ALJ's calculations. Therefore, the plaintiff's subsidy was equivalent to $392.50 ($7.85 × 50). That amount subtracted from gross monthly earnings of $1250.00 equals $857.00, rather than $957.00 as calculated by the ALJ. The error is inconsequential because both

amounts are in excess of $500 in monthly earnings.

Considering a gross monthly earning of $1137.50, plaintiff's hourly rate for a 40–hour week would be approximately $6.56. Plaintiff's subsidy would therefore be $328.12 ($6.56 × 50). That amount subtracted from $1137.50 equals $809.38.

which the claimant is no longer found to be suffering from a disabling impairment; or the third month following the earliest month in which the claimant engages in or is determined capable of engaging in substantial gainful activity, but no earlier than the first month occurring after the extended period of eligibility. The "extended period of eligibility" (a/k/a the "reentitlement period") was extended from 15 months to 36 months in an amendment to 42 U.S.C. § 423(a)(1)(D), effective as of January 1, 1988. The amendment applies to claimants entitled to disability benefits after December 1987 and to claimants whose 15–month reentitlement period under the old provisions had not lapsed as of January 1, 1988. The court notes that 20 C.F.R. § 404.1592a(b) still contains the "old provisions" including the 15–month entitlement period. The Secretary intends to promulgate regulations reflecting the amendment. *See* 55 Fed.Reg. 50887 (12/11/90).

The record does not contain evidence (other than plaintiff's work activity) that plaintiff ceased to suffer from a disabling medical impairment at anytime during her 36–month extended eligibility period. Accordingly, plaintiff's reentitlement period extended to August 31, 1992 (36 months from August 1989). September 1992 is the first month occurring after the extended period of eligibility.

Plaintiff purchased an ergonomic chair in September 1991 for the sum of $630.63. (Tr. 65). This purchase occurred during the plaintiff's reentitlement period. 20 C.F.R. § 404.1576 provides that when figuring a claimant's earnings for the purpose of determining whether she has engaged in substantial gainful activity, the Secretary will subtract the reasonable cost paid by the claimant for certain items and services which allow the claimant to work. In order to be eligible for this deduction, a claimant must: 1) be "otherwise disabled;" 2) suffer from an im-

pairment which is severe enough so as to require the purchase of certain items and services in order for the claimant to be able to work; 3) pay for the item out of his or her own pocket; 4) pay for the item or service in a month in which he or she is working; and 5) pay for the item or service in cash.

This matter should be remanded to the Secretary for a determination of whether plaintiff is entitled to a deduction for the purchase of the chair. If the plaintiff is entitled to a deduction, the Secretary will have to determine whether the amount of the deduction is sufficient to bring the plaintiff's earnings for September 1991 (or for the twelve months thereafter) below the substantial gainful activity earning level. *See* 20 C.F.R. § 404.1576(e). If the earnings are below the level, plaintiff will be entitled to benefits for September 1991 (and/or additional months) in the absence of other evidence showing substantial gainful activity.[5]

## CONCLUSION

If the referring judge concurs in the recommendation of the undersigned, he may wish to encourage the Secretary to take an appeal of this matter to the Ninth Circuit. This is not meant to be an admission by the undersigned that he has doubts about his position regarding the trial work period. It is simply the undersigned's belief that resolution of the issue by the circuit would benefit everyone—claimants, the Secretary, and the district courts.

Plaintiff is to be commended for continuing to be a productive member of society. This is clearly a courageous effort on her part since she has been found to suffer from severe medical impairments. However, plaintiff must also understand that her willingness to go back to work is not without consequences. Because she has continued to work, she is no longer entitled to disability benefits.

---

**5.** One of the documents in the record refers to another chair having been purchased in 1988 and the cost of the chair having been pro-rated over the plaintiff's first twelve months of work at a rate of $67 per month. (Tr. 33 and 63). Because the first nine months that the plaintiff worked are considered part of a trial work period, the issue of substantial gainful activity during that time is moot. For the remaining three months, an additional deduction of $67 a month

would not bring the plaintiff below the earnings level for which substantial gainful activity is presumed.

At the administrative hearing, the ALJ referred to the plaintiff as having received credit for the purchase of a chair. (Tr. 103). The record indicates that the ALJ was referring to the purchase made in 1988, and not the purchase made in 1991.

**IT IS RECOMMENDED THAT:**

1. The Secretary's decision be **AF-FIRMED in part, REVERSED in part, and REMANDED.**[6]

2. Plaintiff's motion for summary judgment (Ct.Rec. 8) be **GRANTED in part and DENIED in part.**

3. Defendant's motion for summary judgment (Ct.Rec. 13) be **GRANTED in part and DENIED in part.**

4. Judgment be entered in favor of plaintiff in accordance with this court's finding that she is entitled to disability benefits from May 29, 1988 through October 31, 1988 and through a "trial work period" from November 1, 1988 through July 1989. Furthermore, under the reentitlement provision, plaintiff is entitled to receive benefits for the months of August, September and October 1989.

5. The Secretary certify payment of benefits to plaintiff for any amounts withheld for the period from May 29, 1988 through October 31, 1989; or, in the alternative, that the Secretary desist from seeking recovery of an "overpayment" for said months.

6. Judgment be entered in favor of defendant in accordance with this court's finding that plaintiff was engaged in substantial gainful activity as of August 1, 1989.

7. This matter be **REMANDED** to the Secretary for a determination of whether plaintiff is entitled to a deduction for the purchase of the ergonomic chair in September 1991; and if so, whether said deduction and any other evidence indicates that plaintiff was not engaged in substantial gainful activity for the month of September 1991 (or any months thereafter).

Any party may object to the Magistrate Judge's proposed findings, recommendations or report within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of the Court and serve on all parties written objections, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to Fed.R.Civ.P. 6(e) which adds another three (3) days from the date of mailing where service is by mail.

A District Judge shall make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate's determination. The District Judge need not conduct a new hearing or hear arguments and may consider the Magistrate Judge's record and make his own determination thereon. The Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1)(B) and (C), Fed.R.Civ.P. 73 and LMR 4.

A Magistrate Judge's recommendation cannot be appealed to a Court of Appeals; only the District Judge's order or judgment can be appealed.

The Clerk of the Court SHALL file this report and recommendation and serve copies of it on the referring judge and counsel.

DATED this 20th day of December, 1993.

---

6. The court notes the discrepancy between the remarks made by the ALJ during the hearing and the result contained in his written decision. His remarks during the hearing indicate an inclination to grant the plaintiff a trial work period. The court does not intend any criticism of the ALJ. Rather, the court points this out as evidence of the need for some uniformity in the Ninth Circuit on the treatment of trial work periods.