Steve L. ZIFF, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. C–94–3968–VRW.

United States District Court, N.D. California.

March 28, 1996.

Steve Ziff, Pro Se.

Anne–Christine Massullo, U.S. Attorney's Office, San Francisco, CA, for defendant.

## ORDER.

WALKER, District Judge.

Plaintiff has filed this action under 42 U.S.C. § 405(g) seeking judicial review of defendant's denial of his application for social security disability insurance ("SSDI"). Pending before the court are cross-motions for summary judgment. For the reasons described below, the court GRANTS defendant's motion and DENIES plaintiff's motion.

I

A

On January 27, 1992, plaintiff filed an application for SSDI benefits under Title II of the Social Security Act. Plaintiff's application was denied, denied again upon reconsideration and denied once again by an administrative law judge ("ALJ") in a decision dated March 25, 1994. The ALJ's decision became the final decision of the Commissioner when the Appeals Council declined to review it on September 16, 1994.

### B

The Commissioner's determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and if the Commissioner applied the proper legal standards. *Curry v. Sullivan,* 925 F.2d 1127, 1129 (9th Cir.1990). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id; Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Such inferences and conclusions as the Commissioner may reasonably draw from the evidence will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).

On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20 (9th Cir. 1989). It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400, 91 S.Ct. at 1426–27. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. A decision supported by substantial evidence, however, will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services,* 839 F.2d 432, 433 (9th Cir.1988).

### C

#### 1

In order to be eligible for SSDI benefits, plaintiff must establish that he became disabled prior to the expiration date of his insured status. 42 U.S.C. §§ 416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. § 404.131; *Flaten v. Secretary of Health and Human Services,* 44 F.3d 1453, 1459 (9th Cir.1995). In this case, it is undisputed that plaintiff's insured status expired on September 30, 1985. The parties dispute whether plaintiff became disabled before this date. The court need not resolve this dispute, however, because, as discussed below, plaintiff fails to meet other dispositive requirements for receiving SSDI benefits.

The court therefore assumes for purposes of this motion that plaintiff was in fact disabled prior to September 30, 1985. The court therefore need not address plaintiff's contention that the ALJ's conclusions in this regard were not supported by substantial evidence.

#### 2

Plaintiff must show that his disability incapacitated him from performing substantial gainful activity continuously from the date last insured through at least 12 months prior to the date he filed his application. 42 U.S.C. § 416(i)(2)(F); 20 C.F.R. § 404.320(b)(3); *Flaten,* 44 F.3d at 1462. Plaintiff in this case must therefore demonstrate continuous disability from September 30, 1985, to January 27, 1991, the date one year prior to his application for benefits.

The ALJ found that plaintiff's employment and earnings in 1988–1990 as an automobile salesman and an electrical estimator constituted substantial gainful activity during the September 30, 1985, to January 27, 1991, period, and thus denied plaintiff's application. Plaintiff argues that the ALJ erred in this conclusion, not because of any alleged inadequacy in the evidence, but instead because of alleged errors of law. Specifically, plaintiff contends that the ALJ misapplied the law regarding two alleged exclusions to the substantial gainful employment limitation: the "trial work period" exclusion and the Program Operations Manual System ("POMS") § 24005.010, "Work Detrimental to Health" exclusion. The court will address each of these arguments in turn.

#### a

20 C.F.R. § 404.1592(a) provides in relevant part:

(a) *Definition of the trial work period.* The trial work period is a period during which you may test your ability to work and still be considered disabled * * *. During this period, you may perform *services* * * * in as many as 9 months, but these months do not have to be consecutive. We will not consider those services as showing that your disability has ended until you have performed services in at least 9 months. However, after the trial work period has ended we will consider

work you did during the trial work period in determining whether your disability ended at any time after the trial work period.

Plaintiff argues that the ALJ erroneously applied this standard to his case and thus erroneously concluded that his work in 1988–1990 was not trial work, but was instead substantial gainful activity. In making this argument, plaintiff relies on the same Tenth Circuit case, *Walker v. Secretary of Health and Human Services,* 943 F.2d 1257 (10th Cir.1991), as he did before the ALJ, as well as two district court cases from the Ninth Circuit, *Wilson v. Shalala,* 841 F.Supp. 1491, 1496 (E.D.Wash.1994), and *Deihl v. Secretary of Health and Human Services,* 835 F.Supp. 1182, 1186 (C.D.Cal.1993), which followed *Walker.*

*Walker,* as did *Wilson* and *Deihl,* held that the plain language of the Social Security Act did not provide, as the Social Security Administration had been ruling, that an applicant had to be adjudged disabled and actually receiving benefits in order to be entitled to a trial work period. Instead, the *Walker* court noted that "every insured individual under the age of sixty-five is entitled to disability insurance benefits if that individual has filed an application for benefits and has been under a disability as defined in the Act for a period of five consecutive months." *Walker,* 943 F.2d at 1260 (quoting 42 U.S.C. § 423(a)(1) and (c)(2)); see also *Wilson,* 841 F.Supp. at 1496–97; *Deihl,* 835 F.Supp. at 1186.

Neither *Walker, Wilson* nor *Deihl,* however, stand for the principle that the applicant may be entitled to a trial work period *before* he even applies for benefits. Such a holding would be contrary to the plain language of 42 U.S.C. § 423(a)(1), quoted above, as well as the relevant regulation thereunder, 20 C.F.R. § 404.1592(e), which provides as follows:

*When the trial period begins and ends.* The trial work period begins with the month in which you become entitled to benefits. * * * It cannot begin before the month in which you file your application for benefits. * * *

20 C.F.R. § 404.1592(e).

Plaintiff in this case did not apply for SSDI benefits until January 27, 1992. His employment in 1988–1990 therefore cannot be considered a trial work period, and the ALJ thus committed no error of law in this regard.

b

Plaintiff next argues that an internal Social Security Administration provision, POMS § 24005.010, precludes his employment in 1988–1990 from being characterized as substantial gainful activity. POMS § 24005.010 was repealed in February 1994, but previously provided that "a severely impaired claimant who worked to the detriment of health may be found under a disability during the time work was performed, even though the work would ordinarily be considered substantial gainful activity under the guidelines. * * * The evidence must show the work in question was performed against medical advice or was detrimental to health." Plaintiff claims his work during 1988–1990 meets this standard.

The ALJ rejected this argument, in part, because only the Social Security Act, the regulations thereunder and applicable case law were binding on his decision, not internal Social Security Administration provisions. The ALJ was correct in this conclusion: the POMS is for the internal use of Social Security Administration employees, has no legal force and does not bind the Social Security Administration. *Schweiker v. Hansen,* 450 U.S. 785, 789, 101 S.Ct. 1468, 1471, 67 L.Ed.2d 685 (1981) (per curiam); *Greenspan v. Shalala,* 38 F.3d 232, 239 (5th Cir.1994). Accordingly, the POMS provision at issue here does not provide plaintiff with the relief he seeks, and the ALJ committed no error of law in this regard as well.

II

As the foregoing demonstrates, the ALJ applied the correct legal standards when he determined that plaintiff employment was a substantial gainful activity after the date of expiration of plaintiff's insured status that was not subject to exclusion as a trial work period or under POMS § 24005.010. Plaintiff does not dispute the evidentiary support underlying the ALJ's decision, and the court's review of the record reveals the ALJ's decision to be supported by substantial

evidence. For the foregoing reasons, the court GRANT's defendant's cross-motion for summary judgment and DENIES plaintiff's motion for summary judgment.

IT IS SO ORDERED.